MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
ANASTACIO GARCIA DELFINO, ANGEL AVILES
CRUZ, ERNESTO GARCIA MALDONADO, and
REFUGIO REYES, *individually and on behalf of others
similarly situated,*

                              *Plaintiffs,*

             -against-

HERALD SQUARE MARKET INC. (d/b/a
HERALD SQUARE MARKET), JAE HAN LEE and
KYUNG YON LEE,

                            *Defendants.*
------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE
ACTION UNDER 29
U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Anastacio Garcia Delfino, Angel Aviles Cruz, Ernesto Garcia Maldonado, and Refugio Reyes, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Herald Square Market Inc. (d/b/a Herald Square Market) ("Defendant Corporation"), Jae Han Lee and Kyung Yon Lee allege as follows:

##  NATURE OF THE ACTION

      1.     Plaintiffs are employees of defendants Herald Square Market Inc. (d/b/a Herald Square Market), Jae Han Lee and Kyung Yon Lee (collectively, "Defendants").

      2.     Defendants own, operate, or control a counter-serve restaurant located 968 6th Avenue, New York, New York, 10018 under the name Herald Square Market.

3.      Upon information and belief, individual defendants Jae Han Lee and Kyung Yon Lee serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs have been employed as sandwich preparers, dishwashers/stock workers and porters.

5.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they have worked.

6.      Rather, prior to March 2017, Defendants have failed to maintain accurate recordkeeping of the hours have worked and have failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have worked over 10 hours per day.

8.      Defendants' conduct extends beyond Plaintiffs to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims have occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a counter-serve restaurant located in this district.  Further, Plaintiffs have been employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

14.     Plaintiff Anastacio Garcia Delfino ("Plaintiff Delfino" or "Mr. Delfino") is an adult individual residing in Queens County, New York. Plaintiff Delfino has been employed by Defendants from approximately August 2014 until the present date.

15.     Plaintiff Angel Aviles ("Plaintiff Aviles" or "Mr. Aviles") is an adult individual residing in Queens County, New York.  Plaintiff Aviles has been employed by Defendants from approximately 1998 until the present date.

16.     Plaintiff Ernesto Garcia Maldonado ("Plaintiff Maldonado" or "Mr. Maldonado") is an adult individual residing in Bronx County, New York.  Plaintiff Maldonado has been employed by Defendants from approximately July 15, 2008 until the present date.

17.      Plaintiff Refugio Reyes ("Plaintiff Reyes" or "Mr. Reyes") is an adult individual residing in New York County, New York.  Plaintiff Reyes has been employed by Defendants from approximately July 2011 until the present date.

*Defendants*

18.      At all relevant times, Defendants own, operate, or control a counter-serve restaurant located at 968 Avenue of The Americas, New York, NY 10018 under the name "Herald Square Market".

19.      Upon information and belief, Herald Square Market, Inc. (Defendant Corporation) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 968 Avenue of The Americas, New York, NY 10018.

20.      Defendant Jae Han Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jae Han Lee is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Jae Han Lee possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.      Defendant Kyung Yon Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Kyung Yon Lee is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Kyung Yon Lee possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.    Defendants operate a restaurant located in the midtown west section of Manhattan in New York City.

23.    The individual defendants, Jae Han Lee and Kyung Yon Lee, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.    Each Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

26.    Defendants jointly employ Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

28.    Upon information and belief, individual defendants Jae Han Lee and Kyung Yon Lee operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

      a.    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b. defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all Defendants,

d. operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e. operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

f. intermingling assets and debts of their own with Defendant Corporation,

g. diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h. other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants have the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

30.     In each year from 2011 to the present date, Defendants, both separately and jointly, have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise are directly engaged in interstate commerce. As an example, numerous items that are used in the counter-serve restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

32.     Plaintiffs are employees of Defendants who are employed as sandwich preparers,

dishwashers/stock workers and porters. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Anastacio Garcia Delfino*

33.     Plaintiff Delfino has been employed by Defendants from approximately August 2014 until the present date.

34.     Defendants have employed Plaintiff Delfino as a dishwasher and stock worker.

35.     Plaintiff Delfino regularly has handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.     Plaintiff Delfino's work duties have required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Delfino regularly has worked in excess of 40 hours per week.

38.     From approximately August 2014 until on or about February 2017, Plaintiff Delfino worked from approximately 7:00 p.m. until on or about 6:00 a.m., six days a week (typically 66 hours per week).

39.     From approximately March 2017 until the present date, Plaintiff Delfino has worked from approximately 7:00 p.m. until on or about 4:00 a.m., six days a week (typically 54 hours per week).

40.     Throughout his entire employment with Defendants, Plaintiff Delfino has been paid his wages in cash.

41.     From approximately August 2014 until on or about February 2017, defendants paid Plaintiff Delfino a fixed salary of $480 per week.

42.     From approximately March 2017 until the present date, defendants have paid Plaintiff Delfino a fixed salary of $500 per week.

43.     Prior to March 2017, Plaintiff Delfino has not been required to keep track of his time, nor to his knowledge have the Defendants utilized any time tracking device, such as punch cards or sign in sheets, that accurately reflect his actual hours worked.

44.     No notifications, either in the form of posted notices or other means, have ever been given to Plaintiff Delfino regarding overtime and wages under the FLSA and NYLL.

45.     Furthermore, Defendants never have provided Plaintiff Delfino with a statement of wages with each payment of wages, as required by NYLL 195(3).

46.     Instead, defendants have required Plaintiff Delfino to sign a document in English that he does not understand, in order for them to give him his weekly pay.

47.     Defendants never have given any notice to Plaintiff Delfino, in English and in Spanish (Plaintiff Delfino's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Angel Aviles*

48.     Plaintiff Aviles has been employed by Defendants from approximately 1998 until the present date.

49.     Defendants have employed Plaintiff Aviles as a sandwich preparer.

50.     Plaintiff Aviles regularly has handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

51.     Plaintiff Aviles's work duties have required neither discretion nor independent judgment.

52.     Throughout his employment with Defendants, Plaintiff Aviles regularly has worked in excess of 40 hours per week.

53.     From approximately July 2011 until the present date, Plaintiff Aviles has worked from approximately 7:00 p.m. until on or about 7:00 a.m. six days a week (typically 72 hours per week).

- 8 -

54.     Throughout his employment with defendants, Plaintiff Aviles has been paid his wages in cash.

55.     From approximately July 2011 until on or about July 2012, defendants paid Plaintiff Aviles a fixed salary of $600 per week.

56.     From approximately August 2012 until on or about August 2013, defendants paid Plaintiff Aviles a fixed salary of $620 per week.

57.     From approximately September 2013 until on or about September 2014, defendants paid Plaintiff Aviles a fixed salary of $640 per week.

58.     From approximately October 2014 until on or about October 2015, defendants paid Plaintiff Aviles a fixed salary of $660 per week.

59.     From approximately November 2015 until on or about November 2016, defendants paid Plaintiff Aviles a fixed salary of $680 per week.

60.     From approximately December 2016 until the present date, defendants have paid Plaintiff Aviles a fixed salary of $700 per week.

61.     Throughout Plaintiff Aviles' employment, Defendants have never granted him a break of any kind during his working hours.

62.     Prior to March 2017, Plaintiff Aviles has not been required to keep track of his time, nor to his knowledge have the Defendants utilized any time tracking device, such as punch cards or sign in sheets, that accurately reflect his actual hours worked.

63.     Furthermore, Defendants have not provided Plaintiff Aviles with a statement of wages with each payment of wages, as required by NYLL 195(3).

64.     Instead, defendants have required Plaintiff Aviles to sign a document, the contents of which he does not understand, in order for them to give him his weekly pay.

65.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Aviles regarding overtime and wages under the FLSA and NYLL.

66.     Defendants have not given any notice to Plaintiff Aviles, in English and in Spanish (Plaintiff Aviles's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Ernesto Garcia Maldonado*

67.      Plaintiff Maldonado has been employed by Defendants from approximately July 15, 2008 until the present date.

68.     Defendants have employed Plaintiff Maldonado as a dishwasher.

69.     Plaintiff Maldonado regularly has handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

70.     Plaintiff Maldonado's work duties have required neither discretion nor independent judgment.

71.     Throughout his employment with Defendants, Plaintiff Maldonado regularly has worked in excess of 40 hours per week.

72.     From approximately July 2011 until on or about November 2016, Plaintiff Maldonado worked from approximately 7:00 p.m. until on or about 6:00 a.m. six days a week (typically 66 hours per week).

73.     From approximately December 2016 until the present day, Plaintiff Maldonado has worked from approximately 7:00 p.m. until on or about 4:00 a.m. six days a week (typically 54 hours per week).

74.     From approximately July 15, 2008 until the present date, defendants have paid Plaintiff Maldonado his wages in cash.

75.     From approximately July 2011 until on or about July 2012, Defendants paid Plaintiff Maldonado a fixed salary of $450 per week.

76.     From approximately July 2012 until on or about July 2013, Defendants paid Plaintiff Maldonado a fixed salary of $470 per week.

77.     From approximately July 2013 until on or about July 2014, Defendants paid Plaintiff Maldonado a fixed salary of $490 per week.

78.     From approximately July 2014 until on or about July 2015, Defendants paid Plaintiff Maldonado a fixed salary of $510 per week.

79.     From approximately July 2015 until on or about July 2016, Defendants paid Plaintiff Maldonado a fixed salary of $540 per week.

80.     From approximately July 2016 until the present date, Defendants have pay Plaintiff Maldonado a fixed salary of $590 per week.

81.     Throughout Plaintiff Maldonado's employment, Defendants have never granted him a break of any kind during his working hours.

82.     Prior to March 2017, Plaintiff Maldonado has not been required to keep track of his time, nor to his knowledge have the Defendants utilized any time tracking device, such as punch cards or sign in sheets, that accurately reflect his actual hours worked.

83.     Furthermore, Defendants never have provided Plaintiff Maldonado with a statement of wages with each payment of wages, as required by NYLL 195(3).

84.     Instead, defendants have required Plaintiff Maldonado to sign a document in English that he did not understand, in order for them to give him his weekly pay.

85.     No notifications, either in the form of posted notices or other means, were given to Plaintiff Maldonado regarding overtime and wages under the FLSA and NYLL.

86.     Defendants never gave any notice to Plaintiff Maldonado, in English and in Spanish

(Plaintiff Maldonado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Refugio Reyes*

87.     Plaintiff Reyes has been employed by Defendants from approximately July 2011 until the present date.

88.     Defendants have employed Plaintiff Reyes as porter and stock worker.

89.     Plaintiff Reyes regularly has handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

90.     Plaintiff Reyes' work duties have required neither discretion nor independent judgment.

91.     Throughout his employment with Defendants, Plaintiff Reyes regularly has worked in excess of 40 hours per week.

92.     From approximately July 2011 until on or about July 2016, Plaintiff Reyes worked from approximately 7:00 p.m. until on or about 6:00 a.m. six days a week (typically 66 hours per week).

93.     From approximately July 2016 until the present date, Plaintiff Reyes has worked from approximately 8:00 p.m. until on or about 5:00 a.m. six days a week (typically 54 hours per week).

94.     Throughout his employment with Defendants, Plaintiff Reyes has been paid his wages in cash.

95.     From approximately July 2011 until on or about July 2012, Defendants paid Plaintiff Reyes a fixed salary of $400 per week.

96.     From approximately July 2012 until on or about July 2013, Defendants paid Plaintiff Reyes a fixed salary of $410 per week.

97.     From approximately July 2013 until on or about July 2014, Defendants paid Plaintiff Reyes a fixed salary of $420 per week.

98.     From approximately July 2014 until on or about July 2015, Defendants paid Plaintiff Reyes a fixed salary of $470 per week.

99.     From approximately July 2015 until on or about July 2016, Defendants paid Plaintiff Reyes a fixed salary of $480 per week.

100.    From approximately July 2016 until the present date, Defendants have paid Plaintiff Reyes a fixed salary of $520 per week.

101.    Plaintiff Reyes' pay has not varied even when he has been required to stay later or arrived earlier than his usual schedule.

102.    Defendants never have granted Plaintiff Reyes any breaks or meal periods of any length.

103.    Prior to March 2017, Plaintiff Reyes was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

104.    Furthermore, Defendants never have provided Plaintiff Reyes with a statement of wages with each payment of wages, as required by NYLL 195(3).

105.    Instead, defendants have required Plaintiff Reyes to sign a document in English that he did not understand, in order for them to give him his weekly pay.

106.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Reyes regarding overtime and wages under the FLSA and NYLL.

107.    Defendants never have given any notice to Plaintiff Reyes, in English and in Spanish (Plaintiff Reyes' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

108.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without

- 13 -

paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

109.    All Plaintiffs have been paid their wages in cash.

110.    Prior to March 2017, Defendants willfully have disregarded and purposefully have evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

111.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) have worked, and to avoid paying Plaintiffs properly for their full hours worked.

112.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

113.    Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former workers.

114.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

115.    Defendants have failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

116.     Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and in Spanish, the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

117.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or have been employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

118.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are similarly situated, have had substantially similar job requirements and pay provisions.

119.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

120.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

121.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for their employment.

124.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

125.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

126.    In violation of 29 U.S.C. § 206(a), Defendants have failed to pay Plaintiffs at the applicable minimum hourly rate.

127.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

128.    Plaintiffs have been damaged in an amount to be determines at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

129.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour have worked in excess of forty hours in a work week.

131.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

132.    Plaintiffs have been damaged in an amount to be determines at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

133.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

134.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determines the rates and methods of any compensation in exchange for their employment.

135.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

136.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

137.    Plaintiffs have been damaged in an amount to be determines at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW)

138.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

139.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour have worked in excess of forty hours in a work week.

140.    Defendants have failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

141.    Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

142.    Plaintiffs have been damaged in an amount to be determines at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

143.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

144.     Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

145.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours is willful within the meaning of New York Lab. Law § 663.

146.     Plaintiffs have been damaged in an amount to be determines at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW)

147.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

148.     Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

149.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

150.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

151.    With each payment of wages, Defendants have failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

152.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA are willful as to Plaintiffs (including the prospective collective class members);

(f)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)    Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order are willful as to Plaintiffs;

(m)    Declaring that Defendants have failed to pay Plaintiffs in a timely fashion;

(n)    Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(o)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        July 17, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
        Michael Faillace [MF-8436]
        MICHAEL FAILLACE & ASSOCIATES, P.C.
        Michael A. Faillace [MF-8436]
        60 East 42nd Street, suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

July 12, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        **Anastacio Garcia Delfino**

                                      Michael Faillace & Associates, P.C._____

Legal Representative / Abogado:

Signature / Firma:                    _____

                                      _____12 de julio de 2017_____

Date / Fecha:

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

July 12, 2017

BY HAND

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                          Angel Aviles Cruz

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           July 12, 2017

*Certified as a minority-owned business in the State of New York.*

# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 12, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name:                                          Ernesto Garcia

Legal Representative:                    Michael Faillace & Associates, P.C.

Signature:

Date:                                              July 12, 2017

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

110 E 59th Street, 32nd Floor
New York, New York 10022

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

——————

Faillace@employmentcompliance.com

July 13, 2017

By: Hand

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:                          Refugio Reyes

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature/Firma:

Date / Fecha:                           July 13, 2017