USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04-23-2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANASTACIO GARCIA DELFINO, ANGEL AVILES CRUZ,
ERNESTO GARCIA MALDONADO, and REFUGIO REYES,

                                Plaintiffs,                      **OPINION & ORDER**

         -against-                                    1:17-cv-05407 (KHP)

HERALD SQUARE MARKET INC.
d/b/a Herald Square Market, JAE HAN LEE, and
KYUNG YON LEE,
                              Defendants.

-------------------------------------------------------------------X

KATHARINE H. PARKER, United States Magistrate Judge:

       Plaintiffs Anastacio Garcia Delfino, Angel Aviles Cruz, Ernesto Garcia Maldonado, and Refugio Reyes bring this action against Defendants Herald Square Market Inc. (the "Market"), Jae Han Lee ("Han Lee"), and Kyung Yon Lee ("Yon Lee"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"). Plaintiffs filed their original complaint (the "Complaint") on July 17, 2017. (Doc. No. 1.)

       Plaintiffs now move to amend the Complaint pursuant to Federal Rule of Civil Procedure 15 (the "Motion"). (Doc. No. 22.) Plaintiffs' proposed first amended complaint (the "Amended Complaint") adds a new Defendant, Sun Yong Lee ("Yong Lee"), provides new allegations regarding Plaintiffs' employment status, which has changed since the Complaint was filed, and withdraws Plaintiffs' request for certification of this action as a collective action under 29 U.S.C. § 216(b). (Declaration of Joshua S. Androphy ("Androphy Decl."), Doc. No. 23, Ex. B.) On

January 10, 2018, the Court ordered Defendants to file any opposition to the Motion by March 30, 2018, and ordered Plaintiffs to file any reply by April 6, 2018. (Doc. No. 26.) Defendants did not file an opposition to the Motion, and Plaintiffs did not file a reply. For the reasons set forth below, Plaintiffs' Motion is GRANTED.

## **BACKGROUND**

Plaintiffs are former employees of Defendants who worked as sandwich preparers, dishwashers, stock workers, and porters at the Market. (Androphy Decl., Ex. B ¶¶ 4, 13-16.) Plaintiffs assert that Defendants Han Lee, Yan Lee, and Yong Lee determined the employees' wages and compensation (including Plaintiffs' wages and compensation), established the employees' schedules, maintained employee records, and had the authority to hire and fire employees. (*Id.* ¶¶ 19-21.)

Plaintiffs filed the Complaint on July 7, 2017. Plaintiffs' allegations include that Defendants required Plaintiffs to work in excess of forty hours per week without paying minimum wage, overtime, or spread of hours pay, as required by federal and state law, regulation, and wage order. (Androphy Decl., Ex. A ¶¶ 5, 7, 9-10.) Additionally, Plaintiffs allege that, prior to March 2017, Defendants failed to maintain accurate records of employees' hours worked. (*Id.* ¶ 6.)

On October 3, 2017, the parties appeared before the Court, after which the Court issued a scheduling order (the "Scheduling Order") pursuant to Federal Rule of Civil Procedure Rule 16. (Doc. No. 19.) The Scheduling Order indicated that any amendments to pleadings were to be made by January 9, 2018. (*Id.*)

On January 9, 2018, Plaintiffs moved to amend the Complaint. The Amended Complaint proposes to add Yong Lee as a Defendant, alter the dates of employment for each of the

Plaintiffs, and remove the request for certification of the action as a collective action under the FLSA.  (Androphy Decl., Ex. B.)  Plaintiffs assert that they learned of Yong Lee's name and role as Plaintiffs' employer from Defendants' discovery responses, served in November 2017.  (Androphy Decl. ¶ 6.)  Plaintiffs also assert that Yong Lee's deposition was scheduled for January 31, 2018 and that the proposed Amended Complaint should not affect the completion of discovery in this action.  (*Id.* ¶ 7.)  The parties have not indicated that the deposition did not take place.  Plaintiffs moved to amend the Complaint within the window set forth in Scheduling Order.  (Doc. No. 19.)

## **LEGAL STANDARD**

Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleading once as a matter of course within . . . 21 days after serving it or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.,* 659 F.3d 208, 212-13 (2d Cir. 2011) (internal citation and quotation marks omitted).

Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility."  *Monahan v. N.Y.C. Dep't of Corr.,* 214 F.3d 275, 283 (2d Cir. 2000).  It is well established that "[m]ere delay . . . absent a showing of bad faith or undue prejudice[ ] does not provide a basis for a

3

district court to deny the right to amend." *Kreisler v. P.T.Z. Realty, L.L.C.,* 318 F.R.D. 704, 706 (S.D.N.Y. 2016) (internal citations and quotation marks omitted).  Proposed amendments are futile when they would fail to "state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).  Thus, in reviewing the proposed Amended Complaint, the Court must determine whether it contains sufficient facts, which, if taken as true, state claims for relief that are plausible on their face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In addition, Federal Rule of Civil Procedure Rule 16 requires a movant show "good cause" where the Court has set a scheduling order limiting the time to amend the pleadings in the case.  *See Parker v. Columbia Picture Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  However, where, as here, a motion to amend is filed by the deadline the Court set for amending the pleadings, only Rule 15's liberal standard governs.  *See Soroof Trading Dev. Co. Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012).

## DISCUSSION

### A. *Undue Delay Or Undue Prejudice To Defendants*

In determining whether to grant Plaintiffs' Motion, the Court first addresses whether Plaintiffs acted with undue delay, or whether allowing Plaintiffs to file the Amended Complaint would cause undue prejudice to Defendants.

The Court finds that Plaintiffs did not act with undue delay.  The primary change in Plaintiffs' Amended Complaint is the addition of Yong Lee as a named Defendant.  Plaintiffs allege that Yong Lee was Plaintiffs' employer.  (Androphy Decl. ¶ 5.)  Plaintiffs first learned of

4

Yong Lee's name and role as Plaintiffs' employer from Defendants' discovery responses, which Defendants served in November 2017. (*Id.* ¶ 6.) In their Memorandum of Law (Plaintiffs' Memorandum of Law in Support of Motion for Leave to Amend Complaint and Add Defendant ("Pl. MOL"), Doc. No. 24), Plaintiffs allege that Yong Lee was not named in the Complaint because Plaintiffs did not know the actual names of the individuals who operated the Market. (Pl. MOL at 1.) Plaintiffs moved for leave to file the Amended Complaint two months after learning about Yong Lee. Plaintiffs acted diligently in moving to amend the Complaint and without undue delay. *See Pearlstein v. BlackBerry Ltd.*, 13-cv-7060 (TPG), 2017 WL 4082306, *2 (S.D.N.Y. Sept. 13, 2017).

Additionally, Defendants would not be unduly prejudiced if the Court were to allow Plaintiffs to amend the Complaint. Defendants did not oppose Plaintiffs' Motion. In addition, the parties scheduled Yong Lee's deposition for January 31, 2018 and have provided no indication to the Court that the deposition did not take place. (Androphy Decl. ¶ 7.) Plaintiffs further noted that "no additional discovery will be needed" and that the Amended Complaint would not interfere with the completion of discovery. (*Id.*; Pl. MOL at 5.) The Court therefore finds that Defendants would not be unduly prejudiced by permitting Plaintiffs to file the Amended Complaint. *See Agerbrink v. Model Serv. LLC*, 155 F. Supp.3d 448, 454-55 (S.D.N.Y. 2016).

**B.  *Futility***

In deciding Plaintiffs' Motion, the Court also assesses whether the proposed amendments to the Complaint would be futile. The critical inquiry in evaluating the sufficiency of the Amended Complaint is whether the Amended Complaint alleges facts that suggest that

5

Yong Lee meets the definition of "employer" under the FLSA.[1]  The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).

The Second Circuit has held that, in determining whether an individual qualifies as an employer under the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the 'economic reality' presented by the facts of each case."  *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d. Cir. 1999) (internal citation omitted).  Under the "economic reality" test, the relevant factors to determine whether an individual qualifies as an employer include whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Id.* (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).  Plaintiffs' Amended Complaint alleges that Yong Lee possesses operational control over the Market, determines the wages and compensation of the employees of the Market, establishes the employees' schedules, maintains employee records, and has the authority to hire and fire employees. (Androphy Decl., Ex. B. ¶ 20.)  Plaintiffs' Amended Complaint contains sufficient facts, which, if taken as true, state claims for relief that are plausible on their face.[2]  Accordingly, based on the allegations in the Amended Complaint, the Court finds that the proposed amendments would not be futile.

---

[1] This Court adopts the approach of the district courts in the Second Circuit and interprets "the definition of 'employer' under the [NYLL] coextensively with the definition used by the FLSA." *Marcelino v. 374 Food, Inc.*, No. 16-cv-6287 (KPF), 2018 WL 1517205, *12 (S.D.N.Y. Mar. 27, 2018) (internal citations and quotation marks omitted).
[2] The Court also accepts the proposed changes to the Amended Complaint providing Plaintiffs' updated dates of employment and withdrawing the request for certification as a collective action under the FLSA.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion is **GRANTED**. Plaintiffs shall file the Amended by Complaint by May 7, 2018.

Dated: New York, New York
      April 23, 2018

                                            SO ORDERED.

                                            *Katharine H. Parker*
                                            _____
                                            KATHARINE H. PARKER
                                            United States Magistrate Judge