# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

michael@faillacelaw.com

December 21, 2018

**BY ECF**  
Hon. Katharine H. Parker  
United States Magistrate Judge  
Southern District of New York  
40 Foley Square  
New York, NY 10007

       Re:    *Garcia Delfino, et al. v. Herald Square Market Inc., et al*  
              U.S.D.C. S.D.N.Y. 1:17-cv-5407 (KHP)

Your Honor:

This office represents Plaintiffs in the above referenced matter. Plaintiffs write jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as Exhibit A. A proposed consent judgment which has been entered into as part of the settlement agreement is annexed as Exhibit B.

The parties represent to the Court that while Plaintiffs believe that the settlement amount is less than what the Plaintiffs would be entitled to if they prevailed at trial, the settlement is fair, as discussed herein. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, *Inc.*, 796 F.3d 199 (2d Cir. 2015), enter the proposed consent judgment, and dismiss the case with prejudice.

1. **Background**

Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair

Page 2

Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA) and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, Plaintiffs allege they were employed by Defendants at their deli known at Herald Square Market located in midtown Manhattan. Plaintiffs allege they were not paid appropriately for the hours they worked during their employment.

Defendants categorically denied the allegations in the Complaint. Defendants produced records that would have challenged the Plaintiffs' allegations of the hours they worked and pay they received. Defendants also contended that not all of the named individual defendants could be held liable as employers as would be required to hold them individually liable.

The parties completed discovery, submitted pretrial materials, and reached a settlement in principle of the action at the pretrial conference, with the Court's assistance, less than one week before trial was scheduled to begin. By doing so, the parties were able to avoid the significant costs and burden of a trial.

**2. Settlement Terms**

Plaintiffs allege they are entitled to back wages of approximately $200,000. Plaintiffs estimate that if they had recovered in full for all of their claims, they would be entitled to approximately $600,000 which represents calculated actual damages, liquidated damages, penalties, interest, and attorneys' fees. Plaintiffs calculated that their best case recovery of minimum and overtime wages was approximately $197,000.

Although there is a *bona fide* dispute between the parties as to Plaintiffs' claims, the parties have agreed to settle this action for the total sum of $375,000, inclusive of attorneys' fees, costs, and interest. The settlement will be paid in twenty-four installments of $7,291.67 each, totaling $175,000, followed by a final payment of $200,000 due one month after the 24th installment payment. The parties are submitting and asking the Court to enter a consent judgment for

Page 3

$200,000, which cannot be enforced unless and until the Defendants default on their payment obligations and fail to cure. The Defendants are also providing affidavits of confession of judgment to secure the payment, which can be entered upon a default and failure to cure.

$250,000 of the total settlement will be distributed to the Plaintiffs, with the remaining $125,000 allocated as attorneys' fees. The $250,000 for Plaintiffs will be distributed according to their *pro rata* share of damages according to Plaintiffs' calculations, as follows:

Anastacio Garcia Delfino: $26,150.

Angel Aviles Cruz: $70,450.

Ernesto Garcia Maldonado: $86,350

Refugio Reyes: $67,050.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants produced employment records, vehemently denied Plaintiffs' claims regarding their hours worked, and indicated they would provide witnesses rebutting Plaintiffs at trial.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*,

Page 4

2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

### 3. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $125,000 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

Plaintiffs' counsel's lodestar attorneys' fees in this case is $29,922.50, and costs are $1,126.40. A copy of Plaintiffs' billing record is attached as Exhibit C. While Plaintiffs' counsel is asking for more than their lodestar, the amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Schaubeck v. Morris Pharm., Inc.,* 17 Civ. 3909 (HBP), 2018 U.S. Dist. LEXIS 183086, *7 2018 WL 5292127 (S.D.N.Y. Oct. 25, 2018) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

Plaintiffs' attorneys and their staff will still have to devote additional time to this matter after the Court approves the settlement, including administering the settlement, and addressing non-payment in the event Defendants fail to make timely payment of the settlement amount. There also can be no reasonable belief that Plaintiffs' attorneys took a quick settlement in this case so that they would be paid quickly. To the contrary, Plaintiffs' attorneys litigated this action to the

brink of trial. Their one-third contingency fee should not be reduced just because they efficiently litigated the action and obtained a large settlement for their clients. Moreover, reducing the amount of the settlement that goes to Plaintiffs' attorneys would be poor public policy, as it would remove an incentive for attorneys for plaintiffs in contingency fee FLSA cases from seeking to obtain the highest possible settlement amount. It also would create a disincentive to settlement, and instead create an incentive for plaintiffs' attorneys to unnecessarily increase the amount of time they, their adversaries, and the court spend on actions that can be resolved. *See Hyun v. Ippudo USA Holdings*, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. Mar. 24, 2016) ("[T]he Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate") (quoting *McDaniel v. City of Schenectady*, 595 F.3d 411, 418 (2d Cir. 2010)). Among other things, it could create an incentive for attorneys in FLSA cases to make only minimal efforts to settle cases before settlement conferences or mediations, in order to add to their billable fees. This would be an outcome that disserves the plaintiffs, the defendants, and the Court.

In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

      i.      My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-

Page 6

house Employment Counsel with International Business Machines Corporation (IBM).  I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law.  I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

      ii.      Joshua Androphy is senior attorney at Michael Faillace & Associates, P.C., and is regularly billed at an hourly rate of $400.00.  This is his standard rate for matters on which I am paid at an hourly rate.  Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems.  Following law school, Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of employment claims in state and federal court.  Androphy was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018.  Androphy's billing rate of $400 per hour is reflected in Exhibit C with the initials "JA."

      iii.      Work performed by paralegals is indicated by the initials "PL" and billed at the rate of $175 per hour.

However, should the Court disagree and find it necessary to reduce the portion of the settlement amount to be applied to Plaintiffs' attorneys from that proposed herein, the parties and Plaintiffs' attorneys respectfully request that the Court approve the settlement agreement with the maximum distribution to Plaintiffs' attorneys that the Court deems appropriate.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/Michael Faillace
      Michael Faillace
      MICHAEL FAILLACE & ASSOCIATES, P.C.
      Attorneys for the Plaintiffs

Encls.

Page 7

Cc: Jonathan Sue, Esq.
  Law Offices of Jonathan Y. Sue, P.C.
  Attorneys for Defendants